# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1558V
### (Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
SARAH D. GESCHWINDNER,                        *
                                              *
                  Petitioner,                 *
                                              *
        v.                                    *
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
                  Respondent.                 *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Filed: January 4, 2019

Special Master Oler

Entitlement; Influenza ("Flu") Vaccine
Guillain-Barré syndrome ("GBS").

*Matthew J. Plache*, Law Office of Matthew J. Plache, Wolfeboro, NH, for Petitioner.

*Justine Elizabeth Walters*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 19, 2017, Petitioner Sarah Geschwindner filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine that she received on October 8, 2014. *See* Petition at 1, ECF No. 1.

In his Rule 4(c) Report, filed on December 7, 2018, Respondent recommends that compensation be awarded in this case. Rule 4(c) Report at 1, ECF No. 20. Respondent states that the medical evidence demonstrates Petitioner has "met the statutory requirements for

---

[1] Although this ruling is not formally designated for publication, it will be posted nonetheless on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

entitlement to compensation under the Act." *Id*. at 4.  Accordingly, Respondent concludes that Petitioner is entitled to an award of damages, to be determined through further proceedings. *Id*. at 5.

In light of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1)), I find that Petitioner is entitled to compensation.  A separate damages order will issue accordingly.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master