# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1558V
Filed: February 5, 2024

```
* * * * * * * * * * * * * * * * * * * * * * * * *   *
                                                    *
                                                    *
SARAH GESCHWINDNER,                                 *
                                                    *
                                                    *
                  Petitioner,                       *
                                                    *
                                                    *
v.                                                  *
                                                    *
                                                    *
SECRETARY OF HEALTH AND                             *
HUMAN SERVICES,                                     *
                                                    *
                                                    *
                  Respondent.                       *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Heather Menezes*, Shaheen & Gordon, P.A., Manchester, NH, for Petitioner
*Mallori Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING DAMAGES[1]

On October 19, 2017, Sarah Geschwindner ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine she received on October 8, 2014. *See* Pet. at 1; Proffer at 1.

On December 7, 2018, Respondent filed a Rule 4(c) Report conceding entitlement to compensation. Resp't's Rep. at 1, ECF No. 20. Specifically, Respondent states that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in this case. Based on their review, DICP concluded that petitioner suffered the Table injury of GBS following a flu vaccine within the Table time period. *See* 42 C.F.R. §§ 100.3(a)(XIV)(D) and (c)(15). Further, there is not a preponderance of medical evidence demonstrating that petitioner's condition was due to a factor unrelated to the flu vaccine. *See* 42 U.S.C. § 300aa-13(a)(1). In addition, the medical records outlined above establish that petitioner suffered the residual effects of her GBS for more than six months. *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, petitioner has met the statutory requirements for entitlement to compensation under the Act.

*Id.* at 4.

On January 4, 2019, I issued a Ruling on Entitlement finding that Petitioner was entitled to compensation due to Respondent's concession in his Rule 4(c) Report. ECF No. 21. I issued a Decision Awarding Damages on January 28, 2022, awarding Petitioner a lump sum of $94,357.33, comprising of $92,500 for pain and suffering and $1,857.33 for an outstanding Medicaid lien. ECF No. 67. It was subsequently withdrawn after Petitioner moved for relief from judgment under Rule 60(b)(6) due to her previous counsel's mishandling of her case. ECF No. 85. The parties resumed damages discussions.

Respondent filed a proffer on February 2, 2024 (ECF No. 111), agreeing to issue the following payment, in addition to the amount previously awarded:

> A lump sum of **$27,500.00**, in the form of a check payable to petitioner for pain and suffering, and
>
> A lump sum of **$238.09**, representing compensation for satisfaction of the state of New Hampshire lien, through the Rawlings Company, payable jointly to petitioner and to
>
>> The Rawlings Company LLC
>> Attn. Kristen Cox
>> P.O. Box 2000
>> La Grange, KY 40031
>
> Petitioner agrees to endorse this payment to the Rawlings Company LLC.
>
> These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt Respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set

2

forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARAH GESCHWINDNER, | |
| Petitioner, | No. 17-1558V |
| | Special Master Oler |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 19, 2017, Sarah Geschwindner ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barre Syndrome ("GBS") following an influenza ("flu") vaccine she received on October 8, 2014.  Petition at 1. On December 7, 2018, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  ECF Doc. 20.  Thereafter, on January 4, 2019, Special Master Oler issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation.  ECF Doc. 21.  On January 28, 2022, the Court entered a decision on damages, and a final judgment issued on March 1, 2022.[1]  ECF Docs. 67, 69.  The judgment was paid in the form of a check payable to petitioner on July 5, 2022, and petitioner deposited the check on July 19, 2022.

Following satisfaction of judgment, petitioner moved for relief pursuant to U.S. Court of Federal Claims Rule 60(b)(6) to set aside the judgment and reopen damages, which respondent

---

[1] The Decision awarded petitioner a lump sum of $92,500.00 in pain and suffering and reimbursed a Medicaid lien of $1,857.33.

opposed. ECF Docs. 79, 82. The Court granted petitioner's motion on October 11, 2022, vacated the judgment entered on March 1, 2022, and ordered petitioner to file additional evidence. ECF Doc. 85.

I.     **Compensation for Vaccine Injury-Related Items**

Based on all evidence of record, respondent proffers that petitioner should be awarded **$120,000.00**, of which $92,500.00 has previously been paid to petitioner. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a state of New Hampshire Medicaid lien in the amount of **$238.09**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of New Hampshire may have against any individual as a result of any Medicaid payments that the state of New Hampshire has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 8, 2014, under Title XIX of the Social Security Act. This amount is in addition to the $1,1857.33 previously paid to New Hampshire Medicaid. Petitioner agrees.

II.    **Form of the Award**

Respondent recommends, and petitioner agrees, that the compensation provided to petitioner be made through two lump sum payments as described below:

(1)         A lump sum payment of **$27,500.00**, in the form of a check payable to petitioner.[2] This amount is in addition to the $92,500.00 previously paid to petitioner. Petitioner agrees.

(2)         A lump sum payment of **$238.09**, representing compensation for satisfaction of the state of New Hampshire lien, through the Rawlings Company, payable jointly to petitioner and to:

> The Rawlings Company LLC
> Attn. Kristen Cox
> P.O. Box 2000
> La Grange, KY 40031

Petitioner agrees, and further agrees to endorse this payment to the Rawlings Company LLC.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.[3]

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

[3] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special October 11, 2022 Rule 60(b) Ruling. This right accrues following the issuance of the damages decision.

                                                  s/ *Mallori B. Openchowski*
                                                  MALLORI B. OPENCHOWSKI
                                                  Trial Attorney
                                                  Torts Branch, Civil Division
                                                  U.S. Department of Justice
                                                  P.O. Box 146, Ben Franklin Station
                                                  Washington, DC 20044-0146
                                                  Tel.:  (202) 305-0660
                                                  mallori.b.openchowski@usdoj.gov

DATED:  February 2, 2024