# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1558V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| HEATHER GESCHWINDNER, | * | |
| | * | |
| Petitioner, | * | Special Master Jennifer A. Shah |
| v. | * | |
| | * | Filed: January 31, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Heather Varney Menezes*, Shaheen & Gordon, P.A. Manchester NH, for Petitioner.
*Mallori B. Openchowski,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 19, 2017, Sarah Geschwindner ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 8, 2014. *Id*. at 1. On January 4, 2019, former Special Master Katherine E. Oler issued a ruling on entitlement finding that Petitioner was entitled to compensation due to Respondent's concession in his Rule 4(c) Report. ECF No. 21. On January 28, 2022, a decision awarding damages was issued. ECF No. 67. That decision was subsequently withdrawn after Petitioner moved for relief from judgment

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

under Rule 60(b)(6) due to her previous counsel's mishandling of her case. ECF No. 85. The parties re-entered damages discussions, and Respondent filed a proffer on February 2, 2024 (ECF No. 111), which former Special Master Oler adopted into a decision. ECF No. 112.

On May 31, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 117. Petitioner requests a total of $49,336.99 for attorneys' fees and costs, comprised of $39,960.90 for attorneys' fees and $9,376.09 for attorneys' costs. Fees App. at 2. Petitioner affirmed she did not incur any personal costs. Fees App., Ex. D. Respondent responded to the motion ("Fees Resp.") on June 25, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3. Petitioner filed her reply ("Fees Reply") on June 26, 2024, contending that because Respondent made no specific objections to the motion for attorneys' final fees and costs, Petitioner would not file a substantive reply. ECF No. 119.

This case was reassigned to me on August 20, 2025. ECF No. 121. On January 3, 2025, after reviewing the parties' filings, I issued an order directing Petitioner to file supplemental information concerning her expert's rates. ECF No. 122. Petitioner filed additional documents on January 30, 2025. ECF No. 123.

This matter is now ripe for consideration.

### I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows a special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a ruling on entitlement, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

#### A. Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing

adequate evidence to prove that the requested hourly rate is reasonable. *Id*. The framework for determining the appropriate compensation for attorneys' fees based upon the attorney's experience is set forth in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years based on that case.[3]

Petitioner requests the following rates of compensation for her attorney, Ms. Heather V. Menezes: $400.00 per hour for work performed in 2022, $434.00 per hour for work performed in 2023, and $558.00 per hour for work performed in 2024. Fees App. at 6-17. These rates are consistent with what Ms. Menezes has previously been awarded for her Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Kudalis v. Sec'y of Health & Hum. Servs.*, No. 23-0007V, 2024 WL 4930693 (Fed. Cl. Spec. Mstr. Dec. 13, 2024); *Blunt v. Sec'y of Health & Hum. Servs.*, No. 20-0353V, 2024 WL 3683617, at *2 (Fed. Cl. Spec. Mstr. June 28, 2024). I shall also award the requested paralegal time at the claimed rates.[4]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$39,960.90**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,376.09 in attorneys' costs: $7,200.00 for expert costs and $2,176.09 for postage and medical record retrieval. Petitioner provided documentation supporting these costs.

---

[3] The 2022-2024 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated based on the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for Ms. Eva Davis, the paralegal who worked on this matter, are consistent with those that have been previously awarded and are in accordance with the Office of Special Masters' fee schedule. Ms. Davis billed $153.00 per hour in 2022, $161.00 per hour in 2023, and $183.50 per hour in 2024. Fees App. at 2.

       1. Petitioner's Costs for Andrew Forrest, M.D.

Petitioner requests $7,200.00 for work performed by Andrew Forrest, M.D. Fees App. at 51-53. She requests an hourly rate of $600.00 for 11.5 hours of work performed and $900.00 for a permanent impairment evaluation ("PIE"). Ex. A at 1-2; Ex. C at 1. Dr. Forrest has not opined in the Vaccine Program before; thus, his hourly rate has not been set. Dr. Forrest's CV was filed; his credentials are excellent and consistent with other of the top experts in the Program. Dr. Forrest attended Dartmouth Medical School and did his internship and residency at the Mayo Graduate School of Medicine for physical medicine and rehabilitation. Ex. A at 4. He is board certified in physical medicine and rehabilitation. *Id.* at 4, 6. Dr. Forrest has worked at a number of hospitals as a physiatrist. *Id.* at 4-5. I find the work performed by Dr. Forrest to be reasonable and award the claimed costs in full.[5]

       2. Miscellaneous costs

Petitioner requests $2,176.09 in miscellaneous costs for postage and medical record retrieval. Fees App. at 19. Petitioner has provided adequate documentation of these costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and will fully reimburse them.

I award Petitioner a total of **$9,376.09** in attorneys' costs.

## II. Conclusion

Accordingly, I **GRANT** Petitioner's application and award the following:

Petitioner is awarded attorneys' fees and costs in the total amount of **$49,336.99**, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                       **s/ Jennifer A. Shah**
                                       Jennifer A. Shah
                                       Special Master

---

[5] I do not reach the question of whether Dr. Forrest's hourly rate is reasonable. Dr. Forrest filed a two-page PIE report, which was useful to assess damages in this case but insufficient for me to determine his expert hourly rate for future cases.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.