# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1558V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| SARAH D. GESCHWINDNER, | * | TO BE PUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | Special Master Katherine E. Oler |
| v. | * | |
| | * | Filed: October 11, 2022 |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | Relief from Judgment; Rule 60(b) |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Heather Menezes*, Shaheen & Gordon, Manchester, NH, for Petitioner
*Terrence Mangan*, U.S. Department of Justice, Washington, DC, for Respondent

### ORDER GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [1]

On October 19, 2017, Sarah D. Geschwindner ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Pet., ECF No. 1. Petitioner alleges she suffered from a Table injury of Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on October 8, 2014. Pet. at 1. Although judgment has entered in this case, Petitioner has now moved that she be relieved from judgment so that she may present additional evidence with respect to damages. For the reasons discussed in this order, I find that Petitioner's former attorney abandoned her, and that she diligently pursued her rights. As a result, I conclude that she has met the standard entitling her to relief from judgment.

### I. Procedural History

Although I previously summarized the procedural history of this case in my decision

---

[1] This Order will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means the Order will be available to anyone with access to the internet. As provided in 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. To do so, each party may, within 14 days, request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this Order will be available to the public in its present form. *Id.*

awarding damages, I summarize the relevant portions again here.

On January 4, 2019, I issued a Ruling on Entitlement followed by a Damages Order. ECF Nos. 21, 22. After that, the parties filed joint status reports updating me on their progress in resolving damages. *See* ECF Nos. 25, 28, 31, 32, 33, 34, 35, 36, 37, 38, 40, 42. Petitioner last submitted medical records and documentation pertaining to damages on July 31, 2019. Exs. 16-23. Respondent then submitted numerous status reports stating he had been unable to confer with Petitioner's former counsel, Mr. Matthew Plache. *See* ECF Nos. 27, 39, 41, 43, 44, 45.

On October 23, 2020, I held a status conference with the parties where I expressed my concern to Mr. Plache that no substantive documents had been filed in the case since July of 2019. *See* Scheduling Order dated 10/23/2020; ECF No. 46. Mr. Plache informed me that he was in the process of "identifying documents pertaining to the Medicaid lien" and indicated that he would provide specific updates regarding the issue of the Medicaid lien and outstanding EMGs. *Id.* at 1. I gave the parties until November 23, 2020 to file a joint status report updating me on their progress in resolving damages. *See* Scheduling Order dated 10/23/2020.

On November 23, 2020, Respondent filed a status report stating that Mr. Plache communicated that he had "been unable to complete reviewing the Medicaid lien as he has been out of the office with personal extenuating circumstances" and did not hear back regarding the filing of a joint status report. ECF No. 47. I ordered Petitioner to file her outstanding EMGs by December 23, 2020, and I again gave the parties 30 days to file a joint status report updating me on their progress in resolving damages. *See* Scheduling Order dated 11/23/2020.

On December 22, 2020, Respondent indicated that he had been unable to communicate with then-counsel for Petitioner and did not have any further information regarding the documents I ordered Petitioner to produce. ECF No 48.

Accordingly, on December 23, 2020, I ordered Petitioner to file a status report by January 22, 2021 regarding her progress in obtaining documents related to her Medicaid lien. *See* non-PDF Scheduling Order dated 12/23/2020. Petitioner did not file these documents or a status report by the deadline. On February 8, 2021, I ordered Petitioner to file her overdue status report immediately. *See* non-PDF Scheduling Order dated 2/8/2021. Mr. Plache did not file a status report.

On February 18, 2021, my chambers attempted to contact Mr. Plache via telephone, with Respondent's counsel on the line, to no avail. My law clerk left a voicemail for Mr. Plache to contact my chambers. *See* Informal Communication Remark dated 2/18/2021. On the same day, I issued an order directing Mr. Plache to consult with co-counsel familiar with the Vaccine Program to assist him with this case and file a status report confirming he has complied with the order by March 22, 2021. *See* Scheduling Order dated 2/18/2021, ECF No. 49. A copy of this order was also sent to Petitioner via email and first-class mail. *See id.* No status report was filed nor was any communication received from Petitioner or her lawyer, by my chambers or by Respondent regarding this order.

2

After these repeated failed attempts to contact counsel for Petitioner, I directed the parties to file briefs regarding the appropriate damages in this case. *See* Scheduling Order dated 4/16/2021; ECF No. 50. These briefs were due on June 15, 2021. *Id.*

The parties filed a joint status report on June 14, 2021. Joint Status Rep. dated 6/14/2021, ECF No. 51. In it, the parties stated that Petitioner was receiving ongoing treatment and agreed that updated medical records were "vital to any assessment of damages in this case by respondent or the Court." *Id.* at 1. This represented Mr. Plache's first communication with counsel for Respondent since November of 2020. *See* ECF Nos. 47, 48. This constituted seven months with no communication from Petitioner and her counsel with Respondent and/or my chambers despite numerous orders. In this joint status report, Petitioner's counsel indicated he had formally requested updated medical records last week and had confirmed receipt of that request. *See* Joint Status Rep. dated 6/14/2021, ECF No. 51. Petitioner's counsel also stated he intended to file Petitioner's recent Social Security determination, related medical records, and a revised Medicaid lien related to Petitioner's GBS treatment. *See id.* Petitioner's counsel stated he had sent a copy of Petitioner's Social Security determination to Respondent's counsel. *See id.*

Based on the representation of the parties, I terminated the deadline for damages briefs and instead gave the parties until July 14, 2021 to file a joint status report on their progress in resolving damages. *See* non-PDF Scheduling Order dated 6/14/2021. I specifically directed Petitioner to file her updated medical records, her Social Security disability determination, and her Medicaid lien documentation by July 14, 2021. *See id.*

On July 14, 2021, Respondent filed a status report stating he "has not heard back from petitioner's counsel regarding the status of petitioner's additional documentation or the filing of a joint status report." Resp't's Status Rep. dated 7/14/2021, ECF No. 52. Respondent requested 30 days to update the Court on the status of damages. *See id.* I granted that request and issued an order requiring the parties to file a joint status report on their progress in resolving damages and for Petitioner to file her updated medical records, Social Security determination, and her Medicaid lien documentation by August 13, 2021. *See* non-PDF Scheduling Order dated 7/14/2021.

On August 13, 2021, Respondent filed a nearly identical status report, stating he had not heard from Petitioner's counsel regarding input for the joint status report or regarding the status of Petitioner's additional documentation. Resp't's Status Rep. dated 8/13/2021, ECF No. 53. Petitioner's counsel did not file Petitioner's Social Security disability determination, which he indicated in the June 14, 2021 status report that he had emailed to Respondent's counsel. Petitioner also never filed updated medical records or a revised Medicaid lien.

On August 13, 2021, I issued an order directing the parties to contact my chambers within seven calendar days to provide their availability for a status conference. *See* non-PDF Scheduling Order dated 8/13/2021. Respondent's counsel, Ms. Lynn Schlie contacted my chambers with her availability and also informed my law clerk that she had not heard from Mr. Plache since the filing of the joint status report from June of 2021. Mr. Plache never contacted my chambers as directed.

On August 16, 2021, I directed Respondent to file Petitioner's Social Security determination, as Mr. Plache had not been responsive. Respondent filed that document on the same day. Ex. A, ECF No. 54.

3

On August 24, 2021, I re-issued an order directing the parties to file briefs on damages. *See* Scheduling Order dated 8/24/2021, ECF No. 55. On August 25, 2021, I additionally directed Respondent to subpoena Petitioner's Medicaid lien documentation because Petitioner's counsel had not complied with any of my orders to provide this information. *See* non-PDF Scheduling Order dated 8/25/2021. Respondent filed a Motion to Subpoena the New Hampshire Department of Health and Human Services on September 20, 2021. ECF No. 58. I granted Respondent's motion to subpoena on September 21, 2021. ECF No. 59.

On October 25, 2021, Respondent filed a damages brief stating that he believes that $92,500.00 is an appropriate award of past pain and suffering in this case. Resp't's Brief, ECF No. 61. In his brief, Respondent noted that although Petitioner indicated an intent to make a general claim for past and future lost wages, Petitioner submitted insufficient information to substantiate any such award. Resp't's Brief at 15-16. He stated that "[t]he cause and timing of petitioner's income loss is entirely unknown to respondent and the Court." *Id.* at 16. No damages brief has been filed by Petitioner despite my repeated orders to do so.

On November 29, 2021, Respondent filed Petitioner's New Hampshire Medicaid lien letter. Ex. B, ECF No. 64. On November 30, 2021, I issued an order directing Petitioner to file a brief addressing Respondent's damages brief and Petitioner's Medicaid lien by December 20, 2021. *See* non-PDF Scheduling Order dated 11/30/2021. Petitioner did not file a brief.

On December 9, 2021, Respondent filed an addendum to his damages brief regarding Petitioner's Medicaid lien. ECF No. 65. The Medicaid lien letter (Ex. B) revealed that Ms. Geschwindner had an outstanding lien of $1,857.33 for her GBS-related medical expenses; therefore Respondent proposed that Petitioner be awarded that amount to satisfy the State of New Hampshire Medicaid lien in addition to an award of $92,500.00 for past pain and suffering. *See id.*

Because of Petitioner's counsel's lack of communication, on December 21, 2021, I issued an order to show cause as to why I should not award the amount of compensation proposed by Respondent. ECF No. 66. I gave Petitioner and her counsel until January 20, 2022, to file a brief regarding damages. A copy of this order was emailed to Petitioner and was also sent via regular USPS first class mail. That date passed with no filings or communication from Petitioner or her counsel.

On January 28, 2022, I issued a decision awarding Petitioner $94,357.33. in damages. ECF No. 67. Judgement entered on March 1, 2022. On March 8, 2022, Petitioner contacted my chambers with questions about when she would receive her check. My law clerk informed her that because she was represented, she should direct questions to her attorney. *See* Informal Communication Remark dated 3/8/2022. On June 13, 2022, Petitioner again called chambers and stated that she had been unable to reach Mr. Plache. *See* Informal Communication Remark dated 6/13/2022.

On June 15, 2022, the Clerk of Court signed a notice terminating Mr. Plache as attorney of record pursuant to Rule 81.1(c)(1). By virtue of this action, Petitioner became *pro se*.

I held a status conference on June 22, 2022. After a conversation about the status of Petitioner's damages check, I informed Petitioner that under some circumstances, there can be a remedy for "Vaccine Program petitioners who feel that they have been abandoned by their attorney." Scheduling Order dated June 22, 2022, ECF No. 75. I told Ms. Geschwindner that if she was not satisfied with the damages decision that I issued, she could speak with a lawyer about her options. *Id.*

On August 3, 2022, Petitioner filed a motion to substitute Heather Menezes in as counsel. ECF No. 77. On that same day, Petitioner, through her attorney, filed a motion for relief from judgment on the grounds that she had been abandoned by her former attorney. ECF No. 79.

I held a status conference on August 11, 2022 where the parties discussed a briefing schedule on the pending motion. *See* Scheduling Order dated August 11, 2022, ECF No. 81.

Respondent filed a response to Petitioner's motion for relief from judgment on August 23, 2022. ECF No. 82. Petitioner filed a reply brief on October 5, 2022 (ECF No. 84), along with an affidavit that she prepared (Ex. 1) and one from her husband (Ex. 2). This matter is now ripe for a determination.

## II.   Parties' Arguments

Petitioner argues that the damages award I issued was limited to the evidence in the record, which was incomplete due to her former attorney's gross negligence. Pet'r's Br. at 2-3. First, Petitioner was unable to submit updated medical records that would have elucidated her pain and suffering damages. *Id.* at 2. Second, Petitioner was unable to submit documentation beyond her 2012-2016 tax returns to support a lost wages claim. *Id.* Finally, no documentation was filed to support claims regarding future pain and suffering, future care, or out-of-pocket expenses. *Id.* Because her prior attorney, Mr. Matthew Plache, abandoned Petitioner, the prior damages decision should be considered "the floor" and this case should be reopened to assess additional damages. *Id.* at 3. Petitioner's new counsel, Ms. Menezes also states that she is "committed to ensuring that Petitioner is zealously represented." *Id.*

Respondent argues that Rule 60(b) is a highly specialized type of relief where the motion-filer needs to demonstrate that she is entitled to that relief. Resp't's Br. at 8; citing *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 99 Fed. Cl. 535, 549 (Fed. Cl. 2011), aff'd, 485 Fed.Appx. 435 (Fed. Cir. 2012). Petitioner must demonstrate that there was a grave miscarriage of justice. Resp't's Br. at 8; citing *Kennedy*, 99 Fed. Cl. at 540. Respondent presents three arguments that Petitioner has not demonstrated she has satisfied the requirements for obtaining relief under Rule 60(b)(6): 1) Petitioner had ample notice of her former attorney's actions and yet she chose not to act; 2) Petitioner received a substantial monetary award; and 3) Petitioner's request to reopen the case would not necessarily result in additional damages. *Id.* at 8-9.

Regarding notice of her former attorney's incompetence, Respondent argues that Ms. Geschwindner has not demonstrated that she has diligently pursued her rights. Resp't's Br. at 10. Petitioner was mailed multiple court documents, and was aware of her attorney's performance since February 18, 2021. *Id.* at 11; *see also* Scheduling Order dated 2/18/2021, ECF No. 49. Petitioner was sent notification via other court documents in August 2021, December 2021, and

5

January 2022. Resp't's Br. at 11. Respondent also emphasizes that Ms. Geschwindner contacted my chambers, a week after judgment entered, asking "when she would receive her check." *Id.* at 11-12; *see also* Informal Communication Remark from Petitioner on 3/8/2022. This indicated she was aware of the proceedings, did not object to the damages award, and was more concerned with receiving her check. Resp't's Br. at 11-12.

Next, Respondent argues there was no "grave miscarriage of justice" because Petitioner received a substantive monetary award. Resp't's Br. at 12-13. Respondent had conceded entitlement and recommended compensation commensurate with her vaccine-related injuries. *Id.* at 13.

Finally, Respondent argues that it is speculative whether Petitioner would be entitled to more damages if relief from judgment were granted. Resp't's Br. at 13-15. Petitioner last filed medical records on September 24, 2018, nearly four years after her 2014 vaccination. Those records showed she did not have any significant persisting neuropathy. *Id.* at 14; Ex. 16 at 9. The Social Security Administration ("SSA") determined that Petitioner had mostly normal range of motion and was able to perform daily activities independently, prior to her disability determination on April 22, 2019. *Id.* Regarding a potential lost wages argument, Petitioner's SSA determination stated Ms. Geschwindner was not disabled prior to April 22, 2019 and became disabled due to an unrelated vocal cord polyp condition. *Id.* at 15; Ex. A at 7, 16. The SSA determination also stated that Petitioner's GBS might prevent her from having to perform physical labor like climbing ladders, ropes, or scaffolds, but she could have a sedentary job. Resp't's Br. at 15; Ex. A at 14. Respondent argues Petitioner has not proffered any evidence to demonstrate she is entitled to lost wages from her GBS injury, thus it is speculative whether Petitioner would be entitled to additional damages. Resp't's Br. at 15.

In her reply brief, Petitioner alleges that a grave miscarriage of justice would occur if her motion was not granted because the full measure of her damages was not considered due to Mr. Plache's inaction. Pet'r's Reply at 1. Courts have found that a party is entitled to relief under RCFC 60(b)(6) where there is both attorney abandonment and the client diligently pursued his/her rights. *See Primbs v. United States*, 4 Cl.Ct. 366 (1984); *Foley v. Biter*, 793 F.3d 998 (9th Cir. 2015); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002).

Petitioner's first notice that Mr. Plache was no longer properly representing her was when Petitioner received the Decision on Damages (issued on January 28, 2022) on March 8, 2022; this decision detailed Mr. Plache's inaction in this matter. Pet'r's Reply at 4; Pet'r's Aff. at 4. Petitioner claims other filings mailed by the Court were sent to the wrong email address and to her physical address, where she does not typically receive mail. Pet'r's Reply at 5; Pet'r's Aff. at 3-4. Upon receiving the damages decision, Petitioner reached out to Mr. Plache, as she had done many times before, but still received no response. Pet'r's Reply at 5; Pet'r's Aff. Ex. B at 9. Petitioner also called my chambers on March 8, 2022, but was informed we could not speak to her without her attorney of record present. Pet'r's Reply at 5-6. Petitioner contacted the New Hampshire Bar Association and New Hampshire Attorney General's Office to no avail. *Id.* at 6. Petitioner has diligently tried to overcome Mr. Plache's abandonment once she became aware that a decision had been issued on March 8, 2022. *Id.* at 6-7.

6

Petitioner contends that her case is different from the other cases Respondent cites to regarding attorney abandonment. Pet'r's Reply at 7-8. In *M.D. v. Sec'y of Health & Hum. Servs.*, Mr. Kaye was actively filing and litigating the case, even if the quality of his legal services may have been poor. Pet'r's Reply at 7; *see also M.D. v. Sec'y of Health & Hum. Servs.*, No. 10-611V, 2020 WL 8025384 (Fed. Cl. Spec. Mstr. Dec. 17, 2020). This case is also different from *Sneed v. McDonald*, in that Ms. Sneed had failed to effectively communicate with her attorney regarding the filing of an appeal on her behalf. Pet'r's Reply at 7-8; *see also Sneed v. McDonald*, 819 F.3d 1347, 1351 (Fed. Cir. 2016). Here, Mr. Plache was inactive in her case, and Petitioner diligently pursued her rights upon notice on March 8, 2022.

Finally, Petitioner argues that the full measure of her damages was not properly assessed due to Mr. Plache's inaction. Pet'r's Reply at 8. The purpose of Rule 60(b) is to provide parties with "a grand reservoir of equitable power to do justice in a particular case." *Mojica v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. at 96, 99 (2011). Petitioner has been suffering from GBS for many years and experiences pain, numbness, and tingling in her legs daily. Pet'r's Reply at 9; Pet'r's Aff. at 2. Petitioner has not submitted proof of lost wages, future pain and suffering, future care, and out-of-pocket expenses, therefore it is not speculative that Petitioner is entitled to additional damages. Pet'r's Reply at 9-10.

### III.  Legal Standard

Vaccine Rule 3 requires that a special master afford each party "a full and fair opportunity to present its case." Vaccine Rule 3(b)(2).

In accordance with the Vaccine Rules of the United States Court of Federal Claims, a party may seek relief from a judgment or order pursuant to Rule 60 of the Rules of the Court of Federal Claims ("RCFC"). Vaccine Rule 36(a). RCFC 60 is identical to Rule 60 of the Federal Rules of Civil Procedure and the same standards apply for evaluating the rules. *Dobyns v. United States*, 915 F.3d 733, 737 n.1 (Fed. Cir. 2019); *Blake v. Sec'y of Health & Hum. Servs.*, No. 03-31V, 2014 WL 7331948, at *4 (Fed. Cl. Spec. Mstr. Sept. 11, 2014).

RCFC 60 delineates several grounds for relief from a judgment. RCFC 60(b). Motions for relief under RCFC 60(b) "seek...to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that he...is entitled to relief." *Kennedy*, 99 Fed. Cl. at 550. The motion's statements are "not a pleading, like a complaint, in which the factual allegations] are presumed true." *Id.* "Nor does it constitute a mere invitation for the court to investigate further whether to grant relief. Rather, that motion seeks to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that he or she is entitled to that relief—now." *Id.*

> RCFC 60(b)(6) provides:
> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) any other reason that justifies relief.

RCFC 60(b)(6).

7

The broad scope of RCFC 60(b)(6) provides a "grand reservoir of equitable power to do justice in a particular case." *Lazare Kaplan Int'l Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). Relief under RCFC 60(b)(6) may be granted if "such action is appropriate to accomplish justice." *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1361 (Fed. Cir. 2014).

Despite the broad scope of Rule 60(b)(6), relief may be afforded only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 198, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *CEATS*, 755 F.3d at 1361; *Perry v. United States*, 558 Fed.Appx. 1004, 1006 (Fed. Cir. 2014) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (additional citations omitted)). The determination of whether such extraordinary circumstances exist in a particular case lies within the discretion of the judge hearing the case. *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, 1099 (1949) (noting that paragraph (6) of Rule 60(b) gives the courts the power to "vacate judgments whenever such action is appropriate to accomplish justice").

Before granting a moving party relief under RCFC 60(b)(6), the court "must find that a 'grave miscarriage of justice' would result if relief is denied." *Kennedy,* 99 Fed. Cl. at 540 (quoting *United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)). In making its determination, the court must consider whether " 'the need for truth outweighs the value of finality litigation.' " *Mora v. Sec'y of Health & Hum. Servs.*, No. 13-421V, 2015 WL 1275389, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2015) (quoting *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004)), aff'd, 122 Fed. Cl. 199 (2015), aff'd 673 Fed.Appx. 991 (Fed. Cir. 2016).

In addressing allegations of attorney misconduct, more specifically, courts generally have held that attorney negligence – even conceded "gross negligence" – does not merit relief. *G.G.M. (through Mora) v. Sec'y of Health & Hum. Servs.*, 122 Fed. Cl. 199, 204-09 (2015). An attorney's discharge of their duties must be "so egregious" to leave the unmistakable impression upon the court "that counsel had effectively abandoned and/or affirmatively misled their clients." *Id.* at 205.

Under circumstances where attorneys have effectively abandoned their clients leaving them virtually unrepresented, extraordinary circumstances may justify relief pursuant to Rule 60. *See, e.g., Lal v. California,* 610 F.3d 518, 524 (9th Cir. 2010) (granting relief from dismissal for failure to prosecute where attorney virtually abandoned client and misled him); *Cmty. Dental Servs. v. Tani*, 282 F.3d at 1171-72 (defendant's attorney ignored court orders, neglected motions, missed hearings and other court appearances, failed to file pleadings or serve them on opposing counsel, and otherwise "virtually abandoned his client by failing to proceed with his client's defense despite [repeated] court orders to do so."); *Boughner v. Sec'y of Health, Ed. & Welfare*, 572 F.2d 976, 978 (3d. Cir. 1978) (vacating judgment where attorney's "egregious conduct amounted to nothing short of leaving his clients unrepresented"); *Coleman v. Sec'y of Health & Hum. Servs.*, No. 06-710V, 2011 WL 6828475, at *4 (Fed. Cl. Spec. Mstr. Dec. 7, 2011). (finding that "a failure to grant the motion would unduly and significantly impair petitioner's right to receive consideration of a meaningfully developed record based solely on her counsel's repeated failures to make timely filings.").

When petitioners are abandoned by counsel, they must demonstrate that they diligently

8

pursued their rights before relief can be granted pursuant to Rule 60(b)(6). *See Gonzalez v. Crosby,* 545 U.S. 524, 537–38 (2005); *Foley v. Biter,* 793 F.3d at 1004.

A party seeking relief pursuant to Rule 60(b)(6) must meet three requirements. First, the motion for relief cannot be premised on another ground delineated in Rule 60(b). *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n.11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Second, as noted by Rule 60(c)(1), the motion "must be made within a reasonable time…" "What constitutes a reasonable time depends on the facts of each case." *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 249 (9th Cir.1989) (internal quotation marks omitted). And finally, the party requesting relief must demonstrate the existence of extraordinary circumstances which justify opening judgement. *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).

### IV. Discussion

#### A. Petitioner's Motion Was Properly Filed Pursuant to RCFC 60(b)(6)

Respondent contends that "Mr. Plache's conduct should rightfully be considered under Rule 60(b)(1)'s provision for 'excusable neglect'", and as a result, I am precluded from granting relief pursuant to Rule 60(b)(6). *See* Resp't's Br. at 10, fn 3. Rule 60(b)(1) allows a court to provide relief from a judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." RCFC 60(b)(1). Although Respondent is correct that a petitioner is ineligible for Rule 60(b)(6) relief if her motion is more appropriately captured by one of the other five grounds enumerated in the rule, Mr. Plache's conduct in the case at bar does not amount to mere excusable neglect.

Courts have consistently recognized a distinction between excusable and inexcusable neglect. *See Burnley v. Bosch Americas Corp.*, 75 Fed.Appx. 329 (6th Cir. 2003) (finding that an attorney who inadvertently overlooked a filing deadline was not entitled to Rule 60(b)(1) relief because his neglect was inexcusable); *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 67 (1st Cir. 2001) (stating that counsel who inexcusably failed to communicate with a federal court or keep the court appraised of the status of the case, coupled with counsel's incorrect assumption that a different attorney had assumed responsibility for case "could fairly be termed inexcusable."); *Helm v. Resolution Trust Corp.*, 84 F.3d 874 (7th Cir. 1996) (finding that a plaintiff's citation of an incorrect jurisdictional statute was due to inexcusable attorney negligence and, thus, the plaintiff was not entitled to relief from judgment of dismissal on grounds of excusable neglect). It is clear that Mr. Plache's conduct in this case is far more egregious than the attorneys' behavior in *Burnley*, *Helm,* or *Davila-Alvarez*. These courts found that missing a filing deadline, citing an incorrect statute, and failing to keep a court appraised of the status of a case constituted inexcusable attorney negligence thus rendering the cases ineligible for relief pursuant to Rule 60(b)(1). By this standard, Mr. Plache's abandonment of Ms. Geschwindner could not reasonably be classified as excusable neglect. As such, the proper provision for analysis is RCFC 60(b)(6).

#### B. Petitioner's RCFC 60(b) Motion Was Made within a Reasonable Time

A motion pursuant to Rule 60(b)(6) must be made "within a reasonable time." RCFC 60(c)(1). This determination depends on the specific facts of a given case. Courts "typically evaluate reasonableness by considering a petitioner's diligence in seeking relief." *Miller v. Mays*,

879 F.3d 691, 699 (6th Cir. 2018); *see also Gonzalez*, 545 U.S. at 536-37 (finding an eight-month delay was not diligent); *Wright v. Warden, Riverbend Maximum Sec. Inst.*, 793 F.3d 670, 672 (6th Cir. 2015) (noting that a Rule 60(b) motion was diligently filed when done within twelve months of a change in the law).

"The timeliness of a Rule 60(b) motion is generally measured by reference to the date of the final judgment, order, or proceeding." *Bynoe v. Baca*, 966 F.3d at 980; *see, e.g.*, *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009). I issued a decision on damages on January 28, 2022. Judgment entered on March 1, 2022. Ms. Geschwindner moved for relief from judgment on August 3, 2022, approximately five months later. Under the circumstances present in this case, I find that five months was a reasonable amount of time for Petitioner to weigh her options, hire a new attorney, and file the motion at issue in this case.

For a period of time after judgment entered, Petitioner was trying to get in touch with her former attorney. On March 8, 2022, she called my chambers with questions that should have been answered by Mr. Plache. *See* Informal Communication Remark dated March 8, 2022. *See also* Pet'r's Aff. at 9 (text message from Petitioner to Mr. Plache on March 8, 2022 stating "Hi hope all is well. I see my case got settled."). Petitioner again called chambers on June 13, 2022 indicating that "she was still unable to contact her attorney." *See* Informal Communication Remark dated June 13, 2022. *See also* Pet'r's Aff. at 10 (text message from Petitioner to Mr. Plache on June 14, 2022 stating, "Hi is there anyway [sic] I can have 5 minutes of your time"). Both of these phone calls and Petitioner's text messages demonstrate that Ms. Geschwindner still considered Mr. Plache to be her attorney, and that she had specific questions about the case that she was trying to discuss with him. On June 15, 2022, the Clerk's Office entered a notice terminating Mr. Plache as attorney of record. I held a status conference on June 22, 2022 and informed Petitioner that she had the option of speaking with a new attorney if she was not satisfied with the damages award in her case. Within six weeks, Petitioner hired a new attorney and filed the instant motion. Under these circumstances, I find that Petitioner acted diligently and within a reasonable time in pursuing her rights.

One additional factor to consider in evaluating whether the RCFC 60(b)(6) motion was made within a reasonable time is whether the opposing party suffered any prejudice because of the delay. *Kennedy*, 99 Fed. Cl. at 551; *Freeman v. Sec'y of Dept. of Health & Hum. Servs.*, 35 Fed. Cl. 280, 283 (1996). In this case, the Respondent has not alleged any prejudice and I do not find any exists. A delay of several months from entry of judgment will not prevent Respondent from defending the case.

**C. There Are Extraordinary Circumstances that Justify Relief**

Courts have recognized that a claim of gross and inexcusable neglect can lie under Rule 60(b)(6). *Lal v. California,* 610 F.3d at 524; *Cmty. Dental Servs. v. Tani*, 282 F.3d at 1171-72; *Freeman*, 35 Fed. Cl. at 284; *Chang v. Smith,* 778 F.2d 83, 85 (1st Cir.1985); *Boughner*, 572 F.2d at 978.

Mr. Plache failed to perform the most basic responsibilities of an advocate. He has not called, emailed, or texted Ms. Geschwindner since July 2021. Pet'r's Aff. at 2. He has not communicated with opposing counsel or this court since June 14, 2021. This is despite the fact that

I directed him to appear at status conferences, to associate co-counsel, to obtain and file documents, to file a brief on damages, and to show cause as to why I should not award the amount in damages requested by Respondent. Mr. Plache failed to perform any of these tasks, and as such, his inaction constitutes attorney abandonment.

Even when petitioners are abandoned by counsel, they still must demonstrate that they diligently pursued their rights before Rule 60(b)(6) relief is appropriate. *See Gonzalez v. Crosby,* 545 U.S. at 537–38; *Foley v. Biter*, 793 F.3d at 1004. "The diligence analysis overlaps significantly with the timeliness requirement in Rule 60(b); a petitioner who has filed his motion within a "reasonable time" under the Rule has diligently pursued his claim." *Bynoe v. Baca*, 966 F.3d at 984. As discussed earlier in this order, I find that Ms. Geschwindner both filed her motion within a reasonable time and diligently pursued her rights.

Respondent asserts that Petitioner "was at fault for her predicament because she had ample notice of her attorney's actions but chose not to act and seek new counsel during the damages proceedings in her case." Resp't's Br. at 9. Respondent cites *Haskew v. United States* in support of this position. In *Haskew*, the *pro se* plaintiff brought suit against the United States making several claims, to include that he was entitled to a tax refund. *Haskew v. United States*, 149 Fed. Cl. 540, 541 (2020). After his complaint was dismissed, the plaintiff requested relief pursuant to RCFC 60(b)(6). *Id.* He attached a document in support of his claim that was dated in 2016. *Id.* Judge Firestone declined to reopen judgment, noting that Mr. Haskew could have submitted his evidence before the entry of judgment, and that his delay in raising this issue "renders him 'at fault for his predicament.'" *Id.* at 543.

Mr. Haskew's status as a *pro se* plaintiff distinguishes this case from the case at bar. A *pro se* plaintiff has the sole responsibility for prosecuting his or her claim. As such, Mr. Haskew's failure to file evidence in his possession before entry of judgment indeed rendered him "at fault for his predicament." *Haskew v. United States*, 149 Fed. Cl. at 543. Ms. Geschwindner, on the other hand, was represented by counsel who was purportedly responsible for advocating on her behalf.

Respondent asserts that Ms. Geschwindner should have discerned that her lawyer was ineffective based on the documents that were mailed to her residence, and she should have fired him and hired a different attorney. Resp't's Br. at 10-12. Petitioner contends that she did not receive communications from this court until March 8, 2022, when she received the damages decision which was mailed to her PO Box. Pet'r's Aff. at 3. Petitioner explains that she typically does not receive mail at her physical address and that she has not used her comcast email account in over four years. *Id.* at 4. I accept these claims detailed in Petitioner's under oath affidavit.[2]

---

[2] Even putting the information in the affidavit aside, Respondent's position assumes a certain sophistication on the part of Petitioner that is not supported by the record. On January 21, 2021, the Social Security Disability evaluation found that Petitioner has a moderate limitation in understanding, remembering, or applying information. Ex. A at 10. She finds it difficult to follow instructions. *Id.* She has trouble finishing what she starts and has difficulty concentrating. *Id.* Her intellectual functioning was estimated to be within the low average range. *Id.* Ultimately, the vocational assessor testified that given Petitioner's functional capacity, she was able to perform the requirements of a document preparer, a cutter and paster, and an addresser. *Id.* at 19.

Finally, I briefly address Respondent's argument that "there is no evidence that [Petitioner] is entitled to additional damages." Resp't's Brief at 13. As I noted in my Decision on Damages, although it is clear that Petitioner had a prior work history, she did not file any evidence to support a lost wage claim beyond her tax records. Similarly, Petitioner did not file current medical records which would substantiate a potential award of future pain and suffering. Based on the information currently in the record, which now includes Petitioner's affidavit, there is a reasonable chance that she will receive an increased damages award.

Ultimately, Petitioner has a right to a full and fair opportunity to present her case. Vaccine Rule 3(b)(2). Petitioner has been deprived of that right due to the complete inaction of her lawyer. Other courts have granted relief to petitioners pursuant to Rule 60(b)(6) where "through no fault of their own" petitioners lost the opportunity to have their case decided due to attorney misconduct. *Freeman*, 35 Fed. Cl. at 284; *Coleman*, 2011 WL 6828475 at *4 (granting Rule 60(b)(6) relief where "petitioner has not received a full opportunity for her claim to be heard on a meaningfully developed record due to the failings of her counsel to make timely filings."). *Coleman*, 2011 WL 6828475 at *3. I find the interests of justice demand this same result in Ms. Geschwindner's case.

### V.     Conclusion

For the reasons articulated in this order, I **GRANT** Petitioner's motion for relief from judgment pursuant to RCFC 60(b)(6). The Clerk of the Court is hereby instructed to **WITHDRAW** my Decision Awarding Damages (ECF No. 67) and **VACATE** the judgment. I shall reissue a Decision on Damages after Petitioner has presented additional evidence.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master